*\*E-Filed 11/10/09\**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO BARRERAS VALENZUELA, on behalf of all similarly situated others,<br><br>        Plaintiff,<br>   v.<br><br>MC2 POOL & SPA; MICHAEL & BRIAN MCFALL PARTNERS; GUILLERMO B. MCFALL; BRIAN MCFALL; and DOES 1-10,<br><br>        Defendants. | No. C 09-01698 RS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

THIS MATTER is before the Court on plaintiff's unopposed motion for leave to file his first amended complaint ("FAC"). Federal Rule of Civil Procedure 15 provides, in pertinent part, that a party may amend its pleading once as a matter of course before being served with a responsive pleading, or within 20 days after serving the pleading, if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). In all other cases, Rule 15 provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. The Rule adds, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In this case, plaintiff filed his initial complaint on April 17, 2009, and defendants filed their answer on July 1, 2009. Thus, neither of the conditions for amending as a matter of course pursuant to Rule 15(a)(1) applies. Nor have defendants given their written consent to plaintiff's motion to amend his complaint, pursuant to Rule 15(a)(2). It therefore falls to the Court to consider whether to allow plaintiff to file the FAC.

Although leave to amend under Rule 15(a)(2) is "not to be granted automatically," the Ninth Circuit has nonetheless specified that Rule 15 is to be interpreted with "extreme liberality." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir.1990). "A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. Prejudice to the opposing party is the most important factor." *Id.*

Here, as justification for the FAC, plaintiff cites a California Supreme Court case which was handed down after his initial complaint was filed, and which, he alleges, enables him to add additional claims under state law. Plaintiff argues that the additional claims he wishes to add "are based on the same or substantially the same facts that have been alleged in the current pleadings" and therefore "no additional discovery is made necessary by the proposed amendments." Defendants, who have not opposed plaintiff's motion, apparently do not disagree with these assertions. Accordingly, prejudice to defendants does not appear to be a serious risk here. Nor is there any reason to suspect that considerations of undue delay or futility are applicable in this case.

Plaintiff's motion for leave to file his FAC is therefore granted. Plaintiff is directed to file the amended complaint within five days of the date of this order.

Pursuant to Civil Local Rule 7-1(b), this motion is deemed suitable for disposition without oral argument, and the hearing scheduled for November 18, 2009, is therefore vacated.

IT IS SO ORDERED.

Dated: 11/9/09

_____
RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

No. C 09-01698 RS
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT