*E-FILED 09-03-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO BARRERAS VALENZUELA, on behalf of all similarly situated others,<br><br>Plaintiff,<br>v.<br><br>MC2 POOL & SPA; MICHAEL & BRIAN MCFALL PTRS; GUILLERMO B. MCFALL; BRIAN MCFALL; and DOES 1-10,<br><br>Defendants. | No. C09-01698 RS (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>[Re: Docket No. 35] |

Plaintiff Mario Valenzuela brings this putative class action for alleged wage and hour violations. Last November, Judge Seeborg granted plaintiff's unopposed motion to amend his complaint to add a claim for relief under the California Private Attorney General Act (PAGA), Cal. Labor Code § 2698, *et seq*. Now before this court is plaintiff's motion to compel the production of documents responsive to Requests for Production Nos. 1 and 2. Defendants oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court grants the motion in part and denies it in part.

Essentially, plaintiff seeks to compel timecard records (Request for Production No. 1) and payroll records (Request for Production No. 2) for all employees for the period April 2005 to the present (i.e., for a 4-year period preceding the filing of the instant lawsuit). Although defendants have produced some documents, plaintiff claims that the production is spotty and

incomplete. Defendants apparently have no issue in producing four-years worth of records for the named plaintiff. However, they argue that discovery should otherwise be limited to the one-year period preceding the filing of the instant action because (a) plaintiff's PAGA claim is limited to the recovery of penalties, not wages, on behalf of other employees; (b) the applicable statute of limitations under PAGA is one year; and (c) although plaintiff has filed this action on behalf of a putative class, no class has been certified, and no motion for certification has been filed.

The parties vigorously dispute the scope of relief plaintiff properly may seek under PAGA, as well as the applicable statute of limitations period. And, plaintiff advises that he is preparing a summary judgment motion on these issues. Suffice to say that, for purposes of resolving the instant motion, defendants previously agreed to produce all responsive documents, except for any that are protected by the attorney-client privilege. (*See* Wang Decl., Ex. 3). Moreover, plaintiffs are not absolutely precluded from proceeding with discovery pertaining to class issues before class certification has been sought or granted. *See Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006) (stating that pre-certification discovery is within the discretion of the court); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation.").

With respect to Request for Production No. 1, plaintiff says that defendants told him that they have already produced all timecard records that have been located. At the motion hearing, however, defendants confirmed that they have time card information (including electronically stored data) that has not yet been produced. Plaintiff's motion to compel further production of documents responsive to Request for Production No. 1 is granted. Within fourteen days from the date of this order, defendants shall produce all non-privileged, responsive documents in their possession, custody or control, as to all employees for the period April 2005 to the present, including any electronically stored information.

As for Request for Production No. 2, plaintiff says that defendants told him that they have produced all payroll records that have been located. Plaintiff is skeptical, but says that if there are no other payroll records, then defendants should be ordered to produce all cancelled checks and tax records pertaining to all of defendants' employees, for the period April 2005 to the present. At the motion hearing, however, defendants confirmed that they have responsive payroll records that have not yet been produced. Additionally, defendants argue that the production of canceled checks and tax records will impose an undue burden because such records contain information that is duplicative of that found in payroll records. Accordingly, with respect to Request for Production No. 2, plaintiff's motion to compel is granted in part and denied in part as follows: Within fourteen days from the date of this order, defendants shall produce all responsive payroll records in their possession, custody or control, for all employees from the period April 2005 to the present. Plaintiff's motion to compel the production of canceled checks and tax records is denied without prejudice to renew the motion if, after reviewing defendants' production, he has a sound basis to believe that the information provided by defendants is incomplete.

SO ORDERED.

Dated:   September 3, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:09-cv-01698-RS Notice has been electronically mailed to:

Adam Wang     adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com

Adam Lee Pedersen     alpedersen@gmail.com

Phi Sophie Mai     smai@simsandlayton.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.